FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 15 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ROBERT PETERS**   PLAINTIFF

v.   Case No. 2:23-CV-135-JM

**SOUTHEAST ARKANSAS BEHAVIORAL HEALTHCARE SYSTEM, INC.**   DEFENDANT

This case assigned to District Judge __Moody__
and to Magistrate Judge __Ervin__

## ORIGINAL COMPLAINT

COMES NOW Robert Peters, by and through his attorney Chris Burks of WH LAW, for his Original Complaint against Southeast Arkansas Behavioral Healthcare System, Inc. ("Defendant"), they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)2 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in adverse employment actions.

2. Plaintiff received inequitable treatment and adverse employment actions as a result of his race, which is African American; his color, which is black; his sex, which is male; as a result of his status as a disabled person with a disability that substantially limited a major life activity; and in retaliation for complaints he made about this treatment.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII, ADA, and ACRA, as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Title VII and ADA.

5. Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as Title VII and ADA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Delta Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to Title VII, ADA, and ACRA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Arkansas County, Arkansas.

12. Plaintiff Robert Peters was hired by Defendant in 2015.

13. He is a qualified behavioral health provider.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII, ADA, and ACRA.

15. Defendant is a non-profit corporation registered and licensed to do business in the State of Arkansas.

16. Defendant can be served through its agent for service, Spencer F. Robinson, located at 501 Main St., 11th Floor, Simmons First National Building, Pine Bluff, AR 71601.

17. Defendant is an "employer" within the meanings set forth in Title VII, ADA, and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV. FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. During his employment, Plaintiff was subject to disparate treatment as the result of his race, which is African American; his color, which is Black; his sex, which is male; his status as a disabled person; and in retaliation for complaints made about this treatment.

20. Plaintiff has a disability, acute stress reaction, that affects his daily life such as by making reading and writing difficult at times and qualifies as a disability under the Americans with Disability Act.

21. Plaintiff was suspended and issued a write-up and Plaintiff being denied his accrued leave time, causing Plaintiff financial damages as Plaintiff was then forced to take unpaid leave.

22. During his employment, Plaintiff has been employed as a Qualified Behavioral Health Professional at Defendant's Stuttgart office, where he provides mental health services to Defendant's clients.

23. Plaintiff has been employed with Defendant for over seven years without any significant performance issues.

24. On or about October 26, 2022, one of Plaintiff's clients filed a complaint regarding statements Plaintiff allegedly made to her.

25. Plaintiff was suspended on October 26, 2022, while Defendant investigated this incident.

26. Plaintiff returned to work on November 8, 2022. Defendant told Plaintiff he was cleared of the complaint and would be paid for the time he was suspended, but that he was being written up over the incident with this client.

27. On November 8, 2022, Plaintiff was issued write-up by Defendant.

28. Plaintiff disputed that he had committed any violation of Defendant's code of conduct or ethical guidelines. Plaintiff filed a rebuttal to this write-up.

29. After this incident, Plaintiff's healthcare provider recommended he take sick leave to deal with a health issue.

30. On November 11, 2022, Plaintiff applied for sick leave to be taken from November 14, 2022 to November 28, 2022.

31. Plaintiff also supplied a doctor's note from his healthcare provider stating Plaintiff needed to remain out of work until November 28, 2022.

32. Defendant denied Plaintiff's sick leave request on November 14, 2022.

33. Plaintiff's supervisor called him and stated that because his requested leave time was so close to the Thanksgiving holidays, he would need to work because several other employees had already requested time off and been approved for it.

34. On November 14, 2022, Plaintiff applied for sick leave under the Family and Medical Leave Act.

35. Sherrie James, Defendant's President and CEO, emailed Plaintiff on November 21, 2022, stating that Plaintiff's FMLA paperwork, which was completed by Plaintiff and his healthcare provider, was insufficient to approve his leave because it did not include enough "medical facts" about Plaintiff's condition, among other issues.

36. Plaintiff returned to work on November 29, 2022.

37. Plaintiff's FMLA leave was ultimately approved by his employer.

38. When Plaintiff would attempt to use his intermittent FMLA leave, he would call his employer to notify them he needed to utilize his leave and could not come in.

39. On different occasions, Plaintiff's supervisor would not answer her phone. As a result, Plaintiff was compelled to come into work to avoid being labeled as a no-call no-show to his shift.

40. At the same time, Plaintiff's coworkers were continually using their accrued sick time and leave time to take off work without any issue.

41. Plaintiff was continually questioned by his employer and asked to provide additional information on the circumstances of his health condition and the terms of his FMLA leave.

42. As a result of Defendant's original failure to approve Plaintiff's request to use his accrued sick time, Plaintiff had to take time off unpaid from work, causing him financial damages.

43. Plaintiff is the only African American male employed at his location.

44. Other similarly situated employees who are not African American men were allowed to use their accrued paid leave time when they submitted requests.

45. Other similarly situated employees who are not disabled were allowed to use their accrued paid leave time when they submitted requests.

46. Other similarly situated employees who have not made complaints about harassment and discrimination were allowed to use their accrued paid leave time when they submitted requests.

47. Other similarly situated employees who are not African American men have made statements similar to the ones Plaintiff allegedly made to his client.

48. Other similarly situated employees who are not disabled have made statements similar to the ones Plaintiff allegedly made to his client.

49. Other similarly situated employees who have not made complaints about harassment and discrimination have made statements similar to the ones Plaintiff allegedly made to his client.

50. These employees were not suspended or written up.

51. Plaintiff, who is a disabled black man, was forced to take unpaid leave time because Plaintiff would not allow him to use his accrued leave, even though his healthcare provider provided paperwork stating Plaintiff needed time off work due to a health issue.

52. As a result of the ongoing discrimination Plaintiff experienced as a result of his race, which is African America, and his status as a disabled person, Plaintiff suffered adverse employment actions of being suspended, written up, and being forced to take unpaid leave instead of being allowed to use his accrued sick leave.

## V.     FIRST CLAIM FOR RELIEF – Title VII Claims

53.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

54.     Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted his administrative remedies.

55.     Defendant engaged in unlawful employment practices at their facility in Stuttgart, Arkansas, in violation of 42 U.S. Code §2000e-2.

56.     Specifically, and as detailed above, Plaintiff, who is African American, suffered adverse employment actions as a result of ongoing racial discrimination.

57.     Defendant employs white employees who were not subject to the same treatment that Plaintiff experienced during his employment.

58.     As a result, Plaintiff was treated disparately from Defendant's white employees.

59.     At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

60.     The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

61.     The unlawful employment practices complained of above were and are intentional.

62.     The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

63.     Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of

his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of Title VII, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

### VI.    SECOND CLAIM FOR RELIEF – ADA Claims

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65. Plaintiff filed a timely charge with the EEOC alleging violations of Title I and Title V of the ADA by Defendant.

66. Plaintiff received a right to sue letter, and thus exhausted his administrative remedies.

67. Defendant engaged in unlawful employment practices at their facility in Stuttgart, Arkansas, in violation of the Americans with Disabilities Act of 1990.

68. Plaintiff has a disability, acute stress reaction, that impacts his daily life and qualifies as a disability under the ADA.

69. Specifically, and as detailed above, Plaintiff, who is disabled, suffered adverse employment actions as a result of disability discrimination.

70. Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during his employment.

71. As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

72. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

73. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

74. The unlawful employment practices complained of above were and are intentional.

75. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

76. Pursuant to Americans with Disabilities Act of 1990, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of the ADA, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VII.   THIRD CLAIM FOR RELIEF – ACRA Claims

77. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

78. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted his administrative remedies.

79. Defendant engaged in unlawful employment practices at their facility in Stuttgart, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

80. Specifically, and as detailed above, Plaintiff, who is African American and disabled, suffered adverse employment actions as a result of ongoing racial and disability discrimination.

81. Defendant employs white employees who were not subject to the same treatment that Plaintiff experienced during his employment.

82. As a result, Plaintiff was treated disparately from Defendant's white employees.

83. Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during his employment.

84. As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

85. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

86. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, which is African American, and his disability.

87. The unlawful employment practices complained of above were and are intentional.

88. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

89. Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of ACRA, plus any interest he is entitled to for these causes, because Defendant's action

were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

### VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Robert Peters respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)     A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B)     A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(C)     A declaratory judgment that Defendant's practices violate Americans with Disability Act of 1990 and the related regulations;

(D)     Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(E)     Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(F)     Judgment for damages pursuant to Americans with Disabilities Act of 1990, for all compensation, compensatory, and punitive damages owed to Plaintiff;

(G)     An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(H)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Robert Peters, PLAINTIFF**

wh Law
North Little Rock Office
501.888.4357

By:     Chris Burks (ABN: 2010207)
chris@wh.law

Mailing Address:
1 Riverfront Place, Suite 745 North Little Rock, AR 72114